

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-02128-JLS-JDE                                                  Date: February 17, 2022
Title:  Canuto Moreno et al v. Covenant Care California, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Melissa Kunig  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)   ORDER REMANDING CASE TO STATE COURT**

On July 7, 2021, in the Superior Court of California (County of Orange), Plaintiffs filed a complaint ("Complaint") asserting claims of Elder Abuse and Neglect (Welf. & Inst. Code, § 15600, *et seq.*), Violation of Patient Rights (Health & Safety Code § 1430(b), Negligence, and Wrongful Death.  (Ex. 1 (Complaint), Doc. 1-2.)  On December 27, 2021, Defendants Covenant Care California, LLC d/b/a St. Edna Subacute and Rehabilitation, Covenant Care, LLC, and Robert Do ("Defendants") removed the instant action to this Court on the basis of "federal question and federal officer jurisdiction." (Notice of Removal at 3, Doc. 7.)   Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and it has the discretion to do so *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court *sua sponte* REMANDS this case to the Superior Court of California (County of Orange).

*First*, Defendants assert that this Court has federal question jurisdiction because "Plaintiffs claims fall under the Public Readiness and Emergency Preparedness Act" (the "PREP Act").  (Notice of Removal at 3, Doc. 7.)  However, under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-02128-JLS-JDE                                                    Date: February 17, 2022
Title:  Canuto Moreno et al v. Covenant Care California, LLC et al

*Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).  Here, Plaintiff's Complaint "does not state a claim that 'arises under' federal law."  *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000).  The causes of action asserted in the Complaint arise under state not federal law.  (Ex. 1 (Complaint), Doc. 7-2.)  In addition, the remedies Plaintiffs seek also sound in state law. (*Id.* at 26-27.)  Therefore, federal question jurisdiction simply "does not attach here" because Plaintiffs' Complaint alleges "state—not federal—causes of action."  *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013).

      Defendants nonetheless contend that this Court has jurisdiction because the PREP Act completely preempts Plaintiffs' claims, and the Complaint "raises a 'substantial federal issue' . . . . within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mf'g.*, 545 U.S. 308 (2005)."  (*See*, *e.g.*, Notice of Removal at 4-7, 10-11, Doc. 7.)  However, this Court has already found that the "PREP Act is not a complete preemption statute" and the Court incorporates its prior analysis by reference herein. *Figueroa v. Anaheim Terrace Care Ctr. LLC*, 2021 WL 5232647, at *3 (C.D. Cal. Nov. 10, 2021) (Staton, J.).  Likewise, the Court has previously rejected the argument that the PREP Act and declarations made by the HHS secretary warrant federal question jurisdiction under *Grable*.  *Id.*; (Notice of Removal at 5-9, Doc. 7).  Plaintiffs' Complaint, which exclusively asserts state-law causes of action, does not raise "substantial questions of federal law."  *See City of Oakland v. BP PLC*, 969 F.3d 895, 905-907 (9th Cir. 2020) (internal quotation marks omitted).

      *Second*, Defendants contend that "[r]emoval is also proper under 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer."  (Notice of Removal at 11, Doc. 7.)  To invoke § 1442(a)(1) removal, a defendant in a state court action 'must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-02128-JLS-JDE                                              Date: February 17, 2022
Title:  Canuto Moreno et al v. Covenant Care California, LLC et al

a 'colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018).

      Here, even construing the removal statute broadly, Defendants' removal notice does not establish that they acted "'pursuant to a federal officer's directions.'" *Id.* Defendants allege "only that [they] acted on the basis of public health guidance and federal directives issued by the Centers for Disease Control and Prevention ('CDC') and Centers for Medicare & Medicaid Services ('CMS')." *Figueroa*, 2021 WL 5232647, at *4; (Notice of Removal at 18 (noting that "[a]ll actions taken by Defendants in preparation for and response to the COVID-19 pandemic, were taken 'in an effort to assist, or help carry out, the duties or tasks' as ordered by the CDC, CMS, and CDPH surveyors (per the contract with CMS), and performed pursuant to the direct orders and comprehensive and detailed directives issued by these agencies"), Doc. 7.)  And as the Court previously noted, "[a] private firm's 'compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Figueroa,* 2021 WL 5232647, at *4 (quoting *Watson v. Philip Morris Companies, Inc.* 551 U.S. 142, 153 (2007)).   Therefore, this action does not fall within "the scope of the federal officer removal statute." *Fidelitad, Inc.*, 904 F.3d 1100.

      For the above reasons, the Court concludes that it lacks subject-matter jurisdiction over this case and **REMANDS** it to the Superior Court of California (County of Orange), Case No. 30-2021-01209257-CU-PO-CJC.

                                                                               Initials of Deputy Clerk: mku